******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DiPentima, C. J., and Keller and Sheldon, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, a condominium association and its property manager, for, inter alia, negligence in connection with alleged faulty repairs to a deck attached to the plaintiff's condominium unit. The association managed a condominium community in which the plaintiff owned a unit. In 2009, the association hired a contractor to repair or replace decks throughout the community, including the plaintiff's deck. The property manager took over the management of the community before the contractor performed the repairs on the plaintiff's deck in 2011. Following a trial, the trial court determined that the repairs made to the plaintiff's deck by the contractor, under the supervision of the defendants, were deficient in several ways and that the contractor's negligence and the negligence of the defendants in subsequently failing to correct the results of the contractor's work proximately caused damage to the deck and to certain interior spaces of the plaintiff's adjoining condominium unit. The court awarded the plaintiff $31,900 in damages to make the necessary repairs to the deck and condominium unit. On the defendants' appeal to this court, *held*:

1. The defendants could not prevail on their claim that the evidence did not support the trial court's award of damages and that the award would unjustly enrich the plaintiff; the evidence and the rational inferences to be drawn therefrom provided a factual basis for the court's award of damages, and this court was not left with the definite and firm conviction that a mistake had been made, as certain testimony presented by the plaintiff from B, a licensed home improvement contractor who estimated the cost of repairing the claimed deficiencies, was particularly relevant to the precise amount of damages awarded by the court.

2. Contrary to the defendants' claim, the trial court did not fail to consider relevant association bylaws and the Common Interest Ownership Act (§ 47-200 et seq.) in rendering its judgment; that issue was not raised by the defendants at trial but, rather, was raised for the first time in their postjudgment motion to reargue, which the court denied on the ground that it was procedurally improper as an attempt to obtain a second bite of the apple by raising an issue that could have been presented at the time of trial, and, therefore, the record plainly reflected that, at the time that the issue was raised before the trial court, the court considered it and determined that it was not properly before it, and the defendants did not appeal from the court's ruling denying their motion to reargue.

Argued September 19—officially released November 5, 2019

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the action was withdrawn as to the defendant Michael Moriarty; thereafter, White & Katzman Property Services was cited in as a defendant; subsequently, the mater was tried to the court, *Hon. Joseph M. Shortall*, judge trial referee; thereafter, the court granted in part the motion to dismiss filed by the named defendant et al.; subsequently, the court rendered judgment for the plaintiff, from which the named defendant et al. appealed to this court. *Affirmed.*

*Anita M. Varunes*, with whom was *Christopher S.*

*Young*, for the appellants (named defendant et al.).

*Opinion*

KELLER, J. The plaintiff, Alireza Jamalipour, brought the underlying negligence action against the defendants Fairway's Edge Association, Inc. (association), and White & Katzman Property Services (property manager)[1] seeking economic damages that he alleged to have been caused by faulty repairs to a deck attached to his condominium unit.[2] The defendants appeal from the judgment rendered by the trial court in the plaintiff's favor in the amount of $31,900. The defendants claim that (1) the evidence did not support the court's award of damages and that the award will unjustly enrich the plaintiff[3] and (2) the court erred in failing to consider relevant association bylaws and the Common Interest Ownership Act (act), General Statutes § 47-200 et seq. We affirm the judgment of the trial court.

Following a trial to the court on November 30, 2016, and March 29, 2017, the court found in relevant part that, in 2009, the plaintiff purchased a condominium unit in the Fairway's Edge condominium community. In December, 2009, the association, which managed the affairs of the condominium community at that time, hired a contractor[4] to repair or replace decks throughout the community, directed the contractor to perform work on the plaintiff's deck, and notified the plaintiff of the work to be performed. The property manager took over the management of the community before the contractor performed the repairs at issue in 2011.

The court determined that the repairs made to the plaintiff's deck by the contractor in 2011, under the supervision of the defendants, were deficient in several ways and that the contractor's negligence and the negligence of the defendants in subsequently failing to correct the results of the contractor's work proximately caused damage to the deck and to certain interior spaces of the plaintiff's adjoining residential unit. By the time of trial, the deck and the unit were in a state of disrepair requiring remediation. As against both defendants, the court awarded the plaintiff $31,900 in damages to undertake necessary repairs. This appeal followed.

I

First, the defendants claim that the evidence did not support the court's award of damages and that the court's award will unjustly enrich the plaintiff. Essentially, the defendants argue that the evidence demonstrated that the cost to demolish and replace the deck was far less than $31,900. We disagree.

With respect to its damage award, the court stated: "This includes demolition and replacement of the entire deck, replacement of the ledger board that connects the deck to the house, the services of electricians needed to disconnect electrical service while work on the deck is done and reconnect service when work is completed.

connection of a down spout to prevent water spillage and rental of dumpsters. It does not include the replacement of flashing . . . .”

The defendants acknowledge that we review challenges to the trial court's findings of fact under the clearly erroneous standard of review. “A finding of fact is clearly erroneous [if] there is no evidence in the record to support it . . . or [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” (Internal quotation marks omitted.) *Lussier* v. *Spinnato*, 69 Conn. App. 136, 141, 794 A.2d 1008, cert. denied, 261 Conn. 910, 806 A.2d 49 (2002).

We have carefully reviewed the evidence presented at trial. The evidence and the rational inferences to be drawn therefrom provide a factual basis for the court's award of damages, and we are not left with the definite and firm conviction that a mistake has been made. In particular, we observe that the testimony presented by the plaintiff from David Balali, a licensed home improvement contractor who estimated the cost of repairing the claimed deficiencies, was particularly relevant to the precise amount of damages awarded by the court.

## II

Next, the defendants claim that the court erred in failing to consider relevant association bylaws and the act.[5] Essentially, they argue that it was improper for the court to award the plaintiff economic damages to replace his deck because, under the association's bylaws, the deck is a limited common element of the association and, pursuant to General Statutes § 47-249, the association is solely responsible for the repair and replacement of common elements. Thus, the defendants argue that the court's judgment is contrary to the act. We disagree.

The defendants' appellate brief does not discuss the following procedural history, but it is highly relevant to our disposition of the present claim. Contrary to the defendants' arguments, the court did not fail to consider the bylaws and the act. During the trial, the defendants did not raise this issue. They raised the issue for the first time *following the trial*, in their postjudgment “motion to reargue/reconsider” (motion to reargue). The court denied the motion on the ground that it was procedurally improper as an attempt to obtain “a second bite of the apple” by raising an issue that could have been presented at the time of trial. The court observed that, “[w]hether it is the result of inattention or design, defense counsel's tardiness in raising [the issue] serves neither the interests of her clients nor the court.”

In this appeal, the defendants do not raise a claim

of error with respect to the court's denial of their motion to reargue. The defendants filed their appeal from the court's judgment in favor of the plaintiff on September 20, 2017. The court denied their motion to reargue on September 25, 2017, but the defendants did not amend their appeal to encompass the court's ruling on the motion. See Practice Book § 61-9 ("[s]hould the trial court, subsequent to the filing of a pending appeal, make a decision that the appellant desires to have reviewed, the appellant shall file an amended appeal within twenty days from the issuance of notice of the decision").

The claim raised by the defendants is meritless because it is belied by what transpired before the trial court. The issue raised in the present claim was not raised at the time of trial or decided by the trial court. Rather, the court expressly declined to consider the issue when it was raised in the defendants' postjudgment motion to reargue, and the defendants do not appeal from the court's decision to deny that motion. Accordingly, the record plainly reflects that, at the time that the issue was raised before the trial court, the court did not fail to consider it. The court considered the issue and determined that the issue was not properly before it.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Michael Moriarity also was named as a defendant but is not involved in this appeal; see footnote 2 of this opinion; and, therefore, we refer in this opinion to the association and the property manager as the defendants. In addition, the plaintiff has not participated in the present appeal. Accordingly, we consider the appeal on the basis of the record, the defendants' brief, and the arguments advanced by the defendants at the time of oral argument before this court. We note that, on March 8, 2019, the defendants, relying on Practice Book § 63-4, filed a motion for permission to file a supplemental brief on the ground that they wished "to introduce new evidence to the court that was not available when [they] filed their original brief." On March 28, 2019, this court denied the motion and, later, denied the defendants' motion for reconsideration of that ruling.

[2] In his operative third amended complaint, the plaintiff set forth five claims. The court considered counts one and five of the plaintiff's operative complaint to state a cause of action sounding in negligence against the association and the property manager, respectively, and rendered judgment on those counts. At the beginning of the trial, the plaintiff abandoned counts three and four of the complaint. At the conclusion of the plaintiff's case-in-chief, the court granted the defendants' motion to dismiss count two of the complaint. In an earlier complaint in this action, the plaintiff named Michael Moriarity, the president of the association, as a defendant. Later, the plaintiff withdrew the complaint against Moriarity.

[3] The defendants claim that the court erred in its award of damages because (1) the award was greater than the estimate provided by the association for the cost of necessary repairs to the plaintiff's deck and (2) the award will unjustly enrich the plaintiff because it exceeds the cost of demolishing and replacing the deck. Because these claims raise the same material issue, we consider them together.

[4] The contractor was not a party to the underlying action.

[5] The defendants frame their claim in terms of whether "[t]he trial court erred in failing to consider the bylaws and rules and regulations in deciding an action brought by a member of the association against the association."